# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

JAMES MCLYNAS, )
    and those similarly situated, )
     )
    Plaintiff(s), )
     )
v. ) Case No. 3:06-cv-00186
     ) Phillips
STATE OF TENNESSEE, *et al.*, )
     )
    Defendants. )

## MEMORANDUM AND OPINION

The plaintiff initiated this action against the state of Tennessee, various state agencies, judicial and quasi-judicial officers, as well as state attorneys, claiming that the named defendants have violated and conspired to violate his rights under 42 U.S.C. § 1983. In response, the defendants have filed motions to dismiss [Doc.s 4, 27, and 36]. The plaintiff has filed a collective response to all dispositive motions, and the defendants have replied. For the reasons that follow, defendants' motions to dismiss [Doc.s 4, 27, and 36] are **GRANTED**.

    I.    **Facts**

The Court merely provides an abridged summary of relevant facts related to the procedural history of litigation for the purposes of this opinion.

1

This matter concerns long standing child support and custody issues between plaintiff James McLynas and his former wife. Litigation regarding these issues has developed in courts of other states, as well as Knox Chancery Court in Knoxville, Tennessee. Plaintiff now seeks relief from this Court to uphold "his rights to due process, ALL of his Constitutional Rights, all of his Civil Rights and [seeks to] make sure that the State of Tennessee [has] and will follow the Federal rules and regulations required ...." While the majority of the plaintiff's claim are asserted under Title 42 U.S.C. § 1983 with specific reference to gender discrimination and violations of due process and equal protection, it also appears that the plaintiff is asserting a civil conspiracy claim.

As to relief requested, the plaintiff seeks declaratory and injunctive relief, as well as monetary damages. Further, the plaintiff asks the Court to suspend the various fees and the court costs he now owes, to vacate orders against him, and to move the underlying case to another court in another county with a different judge to preside over the litigation. Plaintiff also apparently requests the Court to remove the imputed income provisions of the Tennessee Child Support Guidelines, to require the State of review all child support cases other than his, and to stop the State from charging court fees. In addition, the plaintiff asks the Court to punish, censure, reprimand, including disbarment, parties that have violated his rights, as well as asks the Court to order the State of Tennessee to fully train all employees that are involved in child support issues regarding the constitutional rights of individuals before them.

Defendants have filed dispositive motions stating various grounds for dismissal,

which include the following: 1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; 2) dismissal of plaintiff's claims is proper under the *Younger* abstention doctrine; 3) the plaintiff has failed to state a claim for which relief can be granted; 4) defendants, Chancellor Sharon Bell, Pat Williams, Brenda Lindsay-McDaniel, Clerk of Court and Master Howard Hogan, and Faye Wilson,[1] have absolute immunity for performing judicial or quasi-judicial functions; and 5) the Eleventh Amendment bars this lawsuit against the State, its department, its division with its department, and state officials sued within their official capacities.

## II. Applicable Law and analysis

### A. Subject matter jurisdiction/Rooker-Feldman Doctrine

Fed. R. Civ. P. 12(b)(1) provides that a party may move to dismiss an action by motion based on lack of jurisdiction over the subject matter. In analyzing a motion under Fed. R. Civ. P. 12(b)(1), a court must make a distinction between Rule 12(b)(1) motions which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As to "facial" attacks, the challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *Id.* As to "factual" attacks, the challenge is the actual existence of a

---

[1]There appears to be no allegations against DHS Hearing Officer Faye Wilson.

3

court's jurisdiction over the matter. *Id.* It would appear that the defendants are asserting their Rule 12(b)(1) motion as a "factual" attack.

A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party. *2 Moore's Federal Practice* §12.30[1] (Matthew Bender 3rd Ed.) (citing, *Avitts v. AMOCO Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995)). A federal district court does not have jurisdiction to hear an appeal from a state court. *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747 (6th Cir. 2003); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.C. 462, 103 S.Ct. 1303 (1983).

In the instant matter, a portion of plaintiff's claims have been previously heard, considered, and/or disposed of in the Knox Chancery Court in Knoxville, Tennessee. To the extent that the plaintiff seeks review of these state court claims, which have reached judgment or disposition, this Federal District Court lacks the jurisdiction to hear any of plaintiff's appeal type claims. *See Rowe v. The City of Detroit*, 234 F.3d 1269 (6th Cir. 2000) ("Because [plaintiff's] complaint seeks federal court review of state orders regarding child support, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction"). The *Rooker-Feldman* doctrine provides that a federal district court will generally lack jurisdiction to review and determine the validity of the state court judgments, "even in the face of allegations that the 'state court's action was unconstitutional.'" *Id.* (*citing Feldman*, 460 U.S. at 486).

While the *Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is a specific grievance that the law was invalidly, even unconstitutionally, applied in the plaintiff's particular case, the *Rooker-Feldman* doctrine does not bar federal court jurisdiction where the claim is a general challenge to the constitutionality of the state law applied in the state action. *Feldman,* 460 U.S. at 486; *see also Patmon v. Michigan Sup.Ct.,* 224 F.3d 504, 509-10 (6th Cir. 2000). Plaintiff's general constitutional challenges are discussed in the section below.

B. *Younger* abstention doctrine

It appears that plaintiff has set forth constitutional challenges in his complaint. While the Court has some difficulty in ascertaining the plaintiff's constitutional claims, it appears that the plaintiff is challenging the state's imputed income provisions of the Tennessee Child Support Guidelines, as it discriminates against the male gender, and the state court's costs and fees as it relates to his due process rights in his child support and custody dispute.

It is well established under principles of comity and federalism that federal courts refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37 (1971). This concept is known as the

*Younger* abstention doctrine.[2] The doctrine applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Association*, 457 U.S. 423 (1982); *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir.1989); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). In the subject case, it is obvious that the state court proceeding was pending and ongoing at the time the federal complaint was filed in that plaintiff had not exhausted his appellate remedies, see *Loch v. Watkins*, 337 F.3d 574, 578-79 (6th Cir. 2003); the complaint itself refers to the matter as "currently ongoing;" and hearing dates were scheduled in Knox Chancery Court when the complaint was filed.

As to the prong regarding an important state interest, domestic relationships are traditional areas of state concern. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (stating that "federal courts ordinarily should defer to the state courts based upon the state's strong interest in domestic relations matters, the superior expertise of state courts in settling such disputes, and the possibility of incompatible state and federal orders"); *Bauer v. Bauer*, 197 S.W.2d 892, 894 (Tenn. 1946); *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 181 (Tenn.Ct. App. 2001).

As to the third prong, Tennessee's statutory scheme allows appeals of child support

---

[2]Although the *Younger* case involved criminal proceedings, the Supreme Court has since extended the abstention principles into noncriminal judicial proceedings and into state administrative proceedings that are judicial in nature. *Middlesex County Ethics Comm'n v. Garden State Bar Association*, 457 U.S. 423 (1982).

6

orders on various grounds, including federal constitutional issues. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1896) (holding that state courts are as competent as federal courts to decide federal constitutional matters); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (discussing that state courts are able to protect the interests of a federal § 1983 plaintiff). The plaintiff in this matter has not attempted to present his federal claims in the related state court proceeding. In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987), the Court noted that because the state court judges are bound by the United States Constitution, federal courts:

> cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims.... Accordingly, when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.

The Court finds that the plaintiff has not shown or asserted the inadequacy of the state courts. While it appears that the plaintiff has been frustrated and dissatisfied by the legal process and the law applicable to his case, the Tennessee Courts have given us no reason to question their ability to address the plaintiff's constitutional claims and provide an adequate forum.

The Court finds that plaintiff's request for relief, including relief dealing with constitutional matters, can be addressed by the state courts and through an appellate review to the United States Supreme Court. The *Younger* abstention doctrine clearly applies to the case at bar, and this Court declines to reach the merits of the plaintiff's constitutional challenges.

7

C.  Failure to state a claim upon which relief can be granted

In considering a motion to dismiss pursuant to Rule 12(b)(6), a federal court must accept all of the allegations in the complaint as true. *See Scheurer v. Rhodes,* 416 U.S. 232 (1974); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987)). To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. V. California,* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Monette v. Electronic Data Systems Corp.,* 90 F.3d 1173, 1189 (6th Cir. 1996).

Fed. R. Civ. P. 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct." Rule 8 requires brevity, clarity, simplicity, and succinctness in pleading. *Echols v. Voisine,* 504 F.Supp. 15, 17 (E.D. Mich. 1981), *aff'd,* 701 F.2d 176 (6th Cir. 1982). Vague, imprecise allegations do not give fair

8

notice of a plaintiff's claim. *Id.* (*citing Shakespeare v. Wilson*, 40 F.R.D. 500, 503-04 (S.D. Calif. 1996)). Further, conclusory allegations will not suffice as a valid cause of action for violations of constitutional and/or civil rights. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).

With respect to plaintiffs' conspiracy claims, plaintiff contends that the defendants conspired to violate his civil rights. Liability attaches for a civil conspiracy if a plaintiff can show that two or more defendants agreed to injure another by unlawful action and committed an overt act in furtherance of the conspiracy. *See Hooks v. Hooks,* 771 F.2d 935, 943-44 (6th Cir. 1985). Nothing in the record supports plaintiff's allegation that the defendants had any agreement to injure plaintiff. Accordingly, plaintiff's allegations fail as merely vague and conclusory contentions unsupported by material facts, which are not sufficient to state a claim for violations of civil rights. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (*citing Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory").

As to other pled assertions and contentions, the Court finds that the plaintiff has failed to state a claim to which relief can be granted. The plaintiff has set forth a 35 page complaint in narrative style. The averments all fall into one or more of the following categories: vague and/or conclusory allegations; unfounded conjecture; statements that demonstrate a lack of personal knowledge; statements not capable of supporting a finding

of wilfulness, intent, and/or bad faith; statements that lack specificity; and statements failing to link any of the defendants to the alleged wrongdoings. Accordingly, the Court could not ascertain any other causes of action from plaintiff's allegations/statements. To the extent that plaintiff intended to assert additional claims not discussed in this opinion, the Court dismisses said claims at this time for failure to state a claim upon which relief can be granted. Further, as to Doe defendants 1-10, as there are no allegations sufficient to sustain a cause of action against them, said unidentified defendants are dismissed from the case.

### D. Immunity

While the Court dismisses all claims based upon the reasons discussed above, the Court is compelled to discuss various immunities, which apply to the defendants. The Court finds that these applicable immunities further solidify dismissal of plaintiff's claims.

#### 1. *Judicial immunity and quasi-judicial immunity*

The plaintiff alleges that he was unconstitutionally denied an impartial, fair, and just proceeding in accordance with the applicable controlling laws by judicial and quasi-judicial officers. However, the Court finds that absolute immunity bars any money damages against Chancellor Sharon Bell, Pat Williams, Clerk of Court and Master Howard Hogan, Faye Wilson, and Referee Brenda Lindsay-McDaniel.

In the Sixth Circuit and under Tennessee law, judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Bush v. Rauch,* 38 F.3d 842, 847-48 (6th Cir. 1994); *Miller v. Niblack*, 942 S.W.2d 533 (Tenn.Ct.App. 1996). Generally, officials who perform judicial or quasi-judicial functions are entitled to immunity when they are "involved in an integral part of the judicial process." *See Miller,* 942 S.W.2d at 537 (citing *Robichaud v. Ronan,* 351 F.2d 533, 535-38 (9th Cir. 1965)). Judges of general jurisdiction are not liable in civil actions for their judicial acts, even though such acts may be in excess of their jurisdiction, or allegedly done maliciously or corruptly. *Bradley v. Fisher*, 80 U.S. 335 (1872).

The plaintiff's allegations include: 1) improperly performing actions taken in judge's judicial capacity, 2) improperly performing tasks related or intertwined with the judicial process, 3) assessing fees and court costs, which the plaintiff deems unconstitutional, and 4) implementing the "imputed income" provisions of the Tennessee Support Guidelines, which the plaintiff also deems unconstitutional.[3] It is clear that the defendants were performing judicial or quasi-judicial functions as an integral part of the judicial process when they purportedly violated plaintiff's due process rights, as well as any other civil and constitutional rights. The actions were within the judicial ambit of protection for all of the judicial and quasi-judicial defendants. Accordingly, plaintiff's monetary claims against

---

[3] Specifically, plaintiff's allegations as to Chancellor Bell pertain to decisions, control of the courtroom proceedings, and control of the docket. As to Referee Lindsay-McDaniel, plaintiff's allegations pertain to her decisions and her control of the proceedings referred to her. As to Officer Wilson, plaintiff names her but makes no apparent allegations against her. As to Pat Williams, the assistant to Chancellor Bell, the plaintiff's allegations allude to scheduling and notification of hearings. As to Howard Hogan, the plaintiff allegations refer to unconstitutional court fees and costs, assessed against him.

Chancellor Sharon Bell, Pat Williams, Clerk of Court and Master Howard Hogan, Faye Wilson, and Referee Brenda Lindsay-McDaniel, are barred under the doctrine of judicial immunity.

2. *Prosecutorial immunity*

Plaintiff complains of the state attorneys' representation of the state's interest in his state court proceedings. Plaintiff essentially states that state attorneys acted unlawfully and wrongfully in violation of his rights.[4] In a review of the allegations against these defendants, the state attorneys were advocates for the state in the plaintiff's state court case, and their actions were "intimately associated with the judicial phase" of the civil process. Thus, the state attorneys are entitled to absolute immunity in the state court action. *See Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999); *Brown v. State of Tennessee Department of Labor and Workforce Development*, 64 Fed.Appx. 425 (6th Cir. 2003).

---

[4]The plaintiff identified the state attorneys as Robin Gresham, Kevin Teffeteller, Craig Thompson, Alexis Smith, and Andrea Wyatt in the complaint. Defendants did not specifically comment as to their official positions.

12

3.  *Eleventh Amendment*[5]

It is well settled and a fundamental principle of federalism that the Eleventh Amendment bars suit against a state and/or one of its agencies in federal court without its consent, waiver, or act of Congress to override immunity. *See Han v. Louisiana*, 134 U.S. 1 (1980); *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed.Appx. 428, 442-43 (6th Cir. 2006). The immunity applies to agencies as long as they are an "arm of the state." *See Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005).[6]

The Court finds that the State of Tennessee and state agencies maintain absolute immunity in that no exceptions apply. Further, it is clear that the Department of Human Services, the Division of Appeals and Hearing, as well as Child Support Services, are "arms of state," known to be basic units of administrative organizations of state

---

[5] Defendants have asserted that since a state is not a "person" within the meaning of § 1983, a suit against a state official in that person's official capacity is considered to be a suit against the state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) In the present complaint, many of the defendants were sued based on performance in their official capacities for the State. Another dismissal ground may be extended for individual defendants based upon the Eleventh Amendment.

[6] In deciding whether an entity is an "arm of the State," the Supreme Court has considered several factors:

> (1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes, and state courts, refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. In discussing these factors, the Court has emphasized that the first factor-the liability of the State for a judgment-is the foremost factor, and that it is the state treasury's potential legal liability for the judgment, not whether the state treasury will pay for the judgment in that case, that controls the inquiry....

*Id.* at 359.

government, and therefore, covered by absolute immunity.

## IV. CONCLUSION

For the reasons hereinabove set forth, defendants' motions to dismiss [Doc.s 4, 27, and 36] are **GRANTED in its entirety**.

**IT IS SO ORDERED.**

                          **ENTER:**

                          s/Thomas W. Phillips
                          UNITED STATES DISTRICT JUDGE